UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PRESTON MULLINAX, | ) | Civil Action No.: 4:14-cv-2047-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| LT. JAMES MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional right to be free from cruel and unusual punishment. Presently before the court is Plaintiff's Motion for a Temporary Restraining Order/Injunctive Relief (Document # 11). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This Report and Recommendation is entered for review by the district judge.

Although Plaintiff entitled the present motion as one for a temporary restraining order or injunctive relief, he does not specify in the motion the specific relief he seeks. He states only that he has

> no plain adequate or complete remedy at law to redress the wrongs described herein. I Preston Mullinax has been and will continue to be irreparably injured by conduct of defendant unless this court grants TRO/injunction relief which I seek. By useing excessive force against me while I was handcuffed. I Preston Mullinax was not violating any prison rules or acting disrutively defendants actions violated my constitutional rights under the eight amendment and caused my pain, suffering, physical injury and emotional distress second by harassing me with violence for exerciseing my rights to seek/redress through the prison grievance system the defendant is retaliating against me unlawfully in violation of my right under the frist amendment to the united states constitution these illegal actions are causeing me injury to my frist amendment right[.]

Pl. Motion for TRO (Document # 11). Because Plaintiff has failed to specify the remedy he seeks, the undersigned cannot determine whether relief should be granted.

Even assuming Plaintiff seeks an order enjoining Defendant from using excessive force or retaliating against him, Plaintiff fails to make a sufficient showing that such relief is appropriate. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id. Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Plaintiff fails to show the likelihood of success on the merits, that the balance of equities tips in his favor,[1] or that an injunction is in the public interest. As such, it is recommended that his Motion for Temporary Restraining Order/Injunctive Relief (Document # 11) be denied.

                                                          s/Thomas E. Rogers, III
                                                          Thomas E. Rogers, III
                                                          United States Magistrate Judge

October 28, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[1] Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269–70 (4th Cir.1994).