UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PRESTON MULLINAX, | ) | Civil Action No.: 4:14-cv-2047-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| LT. JAMES MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional right to be free from cruel and unusual punishment. Presently before the court is Defendant's Motion for Summary Judgment (Document # 53). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment could result in the motion being granted, resulting in dismissal of his claims. Plaintiff did not file a response to the motion to dismiss within the original deadline. Thereafter, on February 2, 2016, the court entered an Order (Document # 58) directing Plaintiff to file a response to Defendant's motion within ten days, and warning him that failure to do so could result in a recommendation that this case be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Plaintiff again failed to file a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

**II.     RULE 41(b) DISMISSAL**

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been

filed to Defendant's motion, despite the warning that a failure to respond could result in dismissal of his claims. Plaintiff has not requested an extension of time to respond to the motion for summary judgment or otherwise addressed the court with respect to this motion. In addition, Plaintiff failed to file objections to an earlier Report and Recommendation (Document # 31) filed on October 28, 2014, recommending that his motion for temporary restraining order be denied. In fact, Plaintiff's last filing with this court was a Motion to Appoint Counsel (Document # 24) on September 9, 2014.[1] Because Plaintiff has failed to file a response to the motion for summary judgment and has not corresponded with this court for over a year, the undersigned concludes Plaintiff has abandoned his claims. No other reasonable sanctions short of dismissal are available. Accordingly, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b).

### III.  CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute his claims.

 s/Thomas E. Rogers, III
 Thomas E. Rogers, III
 United States Magistrate Judge

February 22, 2016
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[1] The undersigned notes that since that time, this case was stayed for approximately one year pursuant to 50 U.S.C. § 522 and § 525 while Defendant was deployed on active duty with the United States Army. The stay was lifted on November 5, 2015, and the present motion was filed on December 7, 2015.